# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| LUCAS T. NEILSON, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:16-cv-01144-DB-PMW |
| SEAN D. REYES, SIM GILL, BYRON BURMESTER, and BRADFORD COOLEY, | |
| | District Judge Dee Benson |
| Defendants. | Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are two motions to dismiss filed by Defendants;[2] Plaintiff's motion to amend his complaint;[3] Plaintiff's motion for default judgment;[4] Plaintiff's motion for an extension of time to respond to one of the Defendants' motions to dismiss;[5] and Plaintiff's motion for service of process.[6] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the

---

[1] *See* docket no. 26.

[2] *See* docket nos. 16, 19.

[3] *See* docket no. 13.

[4] *See* docket no. 18.

[5] *See* docket no. 23.

[6] *See* docket no. 29.

Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

The court recongizes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP statute").[7] The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## **BACKGROUND**

The following background is taken from Plaintiff's complaint, as well as from state court case dockets.[8] Utah state prosecutors have brought a five-count information, including three felony counts, against Plaintiff in Utah District Court. Plaintiff has an acronym tattooed on his right arm, which prosecutors have considered a gang tattoo and which led to his placement on a gang membership list by the Organized Gang Prosecution Team of the Salt Lake District Attorney's Office. Plaintiff alleges that his placement on this list was entirely due to the tattoo, and that this classification disqualified him from certain court programs.

---

[7] *See* docket no. 2.

[8] In reviewing a motion to dismiss, courts may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). In the context of a motion to dismiss, courts may take judicial notice of a state court docket and filings. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Stack v. McCotter*, 79 F. App'x 383, 391 (10th Cir. 2003) (recognizing that the court can take judicial notice of a state district court docket sheet).

Plaintiff brings claims pursuant to 42 U.S.C. § 1983, alleging that Defendants (the Deputy Salt Lake District Attorneys who prosecuted him, the Salt Lake District Attorney who allegedly supervised the prosecutors, and the Utah Attorney General) have violated his First and Fourteenth Amendment rights. Plaintiff further alleges that he was denied access to certain court organized-services because of his placement on the gang membership list. Based upon those allegations, Plaintiff seeks damages against Defendants.

## LEGAL STANDARDS

Notwithstanding the fact that Defendants have moved to dismiss Plaintiff's complaint, the court has determined that it will conduct its own review of the sufficiency of Plaintiff's complaint under the authority of the IFP statute. The following standards govern that review.

Whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief

above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110; *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## ANALYSIS

**I. Review of Plaintiff's Complaint Under the IFP Statute**

**A. Defendant Reyes**

Section 1983 provides a remedy against persons who violate federal rights while acting under color of state law. *See* 42 U.S.C. § 1983; *see also Jojola v. Chavez*, 55 F.3d 488, 492 (10th

4

Cir. 1995). To be a proper defendant for a damages action under section 1983, the defendant must be a "person" as defined by the courts. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Will*, 491 U.S. at 71.

Plaintiff's section 1983 claims against Defendant Reyes, the Utah Attorney General, are barred by the Eleventh Amendment because Defendant Reyes is not a "person" subject to suit under section 1983. Accordingly, Plaintiff's claims against Defendant Reyes fail as a matter of law and should be dismissed.

### B. Defendants Gill, Burmester, and Cooley

Prosecutors, like Defendants Gill, Burmester, and Cooley, may be entitled to either absolute or qualified immunity from section 1983 claims. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluations of evidence, their determinations of whether probable cause exists, and their determination of what information to show the court." *Blazier v. Larson*, 443 F. App'x 334, 336 (10th Cir. 2011) (quotations and citation omitted); *see also Imbler v. Pachtman*, 424 U.S. 409, 424-29 (1976) (extending absolute immunity from section 1983 claims to prosecutors acting within their official roles). "Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1166 (10th

Cir. 2009) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1204 (10th Cir.2007)). "'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id*. at 1166-67 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

Plaintiff's section 1983 claims against the individuals who prosecuted him, Defendants Gill, Burmester, and Cooley, are barred by either the doctrine of absolute immunity or the doctrine of qualified immunity. To the extent that Plaintiff bases his section 1983 claims on his actual prosecution, the claims are barred by absolute immunity. Plaintiff's only remaining allegations relate to him being denied access to certain court-organized services because of his placement on the gang membership list. Plaintiff does not have a constitutional right to access those services, and the denial of them does not violate his constitutional rights. Therefore, to the extent Plaintiff bases his section 1983 claims on those allegations, the claims are barred by the doctrine of qualified immunity. For those reasons, Plaintiff's claims against Defendants Gill, Burmester, and Cooley fail as a matter of law and should be dismissed.

**II. Defendants' Motions to Dismiss**

In light of the court's conclusion that Plaintiff's complaint should be dismissed under the authority of the IFP statute, it is unnecessary to reach Defendants' motions to dismiss. Accordingly, those two motions should be deemed MOOT.

**III. Plaintiff's Motions**

As noted above, Plaintiff has the following four motions before the court: (A) motion to amend his complaint, (B) motion for default judgment, (C) motion for an extension of time to

respond to one of the Defendants' motions to dismiss, and (D) motion for service of process. The court will address those motions in turn.

### A. Motion to Amend

As indicated above, the court has determined that this action should be dismissed under the authority of the IFP statute. The court has also determined that providing Plaintiff with the opportunity to amend his complaint would be futile because he could not allege facts that would save his claims from dismissal under the analysis above. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (quotations and citation omitted)). As such, Plaintiff's motion to amend his complaint should be DENIED.

### B. Motion for Default Judgment

Because the Defendants in this case have not been served with Plaintiff's complaint, entry of default or default judgment is neither allowed nor appropriate. Therefore, Plaintiff's motion for default judgment should be DENIED.

### C. Motion for Extension of Time

Plaintiff has already filed his response to the motion to dismiss underlying his motion for an extension of time. Consequently, his motion for an extension of time should be deemed MOOT.

### D. Motion for Service of Process

Because the court has determined that this action should be dismissed under the authority of the IFP statute, service of Plaintiff's complaint upon the Defendants is not necessary. For that reason, Plaintiff's motion for service of process should be DENIED.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is hereby recommended that:

1. Defendants' motions to dismiss[9] be deemed MOOT.

2. Plaintiff's motion to amend his complaint[10] be DENIED.

3. Plaintiff's motion for default judgment[11] be DENIED.

4. Plaintiff's motion for an extension of time to respond to one of Defendants' motions to dismiss[12] be deemed MOOT.

5. Plaintiff's motion for service of process[13] be DENIED.

6. Based on Plaintiff's failure to state claims upon which relief can be granted, this action should be DISMISSED pursuant to the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties

---

[9] *See* docket nos. 16, 19.

[10] *See* docket no. 13.

[11] *See* docket no. 18.

[12] *See* docket no. 23.

[13] *See* docket no. 29.

must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of September, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge